IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   Case No. 14-40067-JWB

JUAN O. WHITAKER,

    Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's pro se motion to reduce his sentence. (Doc. 51.) Plaintiff is currently serving a 21-month sentence that was imposed by the court on February 14, 2019. (Doc. 50.) Plaintiff moves for the court to recalculate his sentence under the First Step Act, Public Law 115-391, 132 Stat. 5194 (2018), due to his participation in certain programs and good time credit.

The Act amended 18 U.S.C. § 3624 and now allows a prisoner to earn up to 54 days of good-time credit per year, subject to the prisoner's compliance with regulations at the institution. However, that provision is not effective until the Attorney General completes a "risk and needs assessment system" described in section 101 of the Act. *See Roy v. United States Bureau of Prisons*, 2019 WL 1441622 *1 (E.D. Wash. April 1, 2019). With respect to credit for programs, 18 U.S.C. § 3632(d)(4) provides that a prisoner can earn good time credit for successfully completing evidence-based recidivism programs. However, to earn the credit, the program could not have been completed prior to the enactment of the subchapter or during a time period prior to the prisoner's sentence commencing. *Id.* This provision is also not effective until a risk and needs assessment system is completed. *Id.* at 3632(a).

The Attorney General has 210 days from the date of enactment to complete the risk and needs assessment system. *Id*. Therefore, any change in the calculation of Defendant's credits will not occur prior to July 2019.[1] *Roy*, 2019 WL 1441622, at *1 (E.D. Wash. April 1, 2019). The authority to calculate Defendant's sentence based on credits and time served lies with the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 335–36 (1992). Because the statutory provisions at issue require the risk and needs assessment system to be developed by July 2019, Defendant's motion is premature. Moreover, Defendant does not appear to have raised this issue with the prison. Defendant may seek review of a calculation only after exhausting his administrative remedies. *Id.* ("Federal regulations have afforded prisoners administrative review of the computation of their credits … and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.")

Therefore, this court lacks jurisdiction over Defendant's motion. *See Matthews v. Williams*, 2019 WL 1639776 *2 (N.D. Ohio April 16, 2019) (dismissing habeas corpus petition without prejudice due to the petitioner's reliance upon First Step Act provisions not yet in effect and failing to exhaust his administrative remedies).

Defendant's motion (Doc. 51) is therefore DENIED without prejudice.

IT IS SO ORDERED this 17th day of May, 2019.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE

---

[1] As the court lacks jurisdiction over this matter, the court did not seek a response from the government with respect to this motion. However, the court notes that 18 U.S.C. § 3621(h) allows the Bureau of Prisons an additional 180 days to implement the risk and needs assessment system that will be completed in July 2019. Therefore, although the earliest date a calculation may occur appears to be July 2019, it could be that the additional window of time for the Bureau of Prisons to implement the system under § 3621(h) may affect the ultimate deadline for recalculating a defendant's sentence under the Act. This is merely an observation; the court makes no specific conclusions on that issue at this time.